FRANCIS BRONGER *v.* HOPE INSURANCE COMPANY.

**Insurance—Contract—Assessment—Notice—Penalty.**

Actual notice of assessment was all that the charter required and if appellant neglected to pay the same, he must be regarded as electing to suspend his right to collect his policy of insurance. Such suspension was an essential part of the contract.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 16, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The testimony of Bly, the witness of the appellant, shows that certain assessments were made against him which remained unpaid at the time of the loss of the property insured. There is no evidence showing that such assessments were illegal or irregular.

The evidence shows that notice of these assessments was sent to appellant through the post office, and his own admissions lead to the conclusion that such notice was received by him. As held in the case of *Muhoff vs. Hope Insurance Co.,* actual notice of a legal assessment was all that the charter required, and if appellant neglected for thirty days after such actual notice to pay the same, he must be regarded as electing to suspend his right to collect his policy of insurance in case of loss. And further that the suspension of the policy holder's right to collect the amount of his loss in case it should occur during the time of such default, is not in the nature of a penalty. The charter makes such suspension an essential part of the contract, and the insurer cannot be heard to complain, that the company insists upon the enforcement of such condition.

Judgment affirmed.

*Gazlay Yeaman, & Reinecke, for appellant.*

*Wilson, for appellee.*